**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| PENOVIA LLC, | Case No. 2:14-cv-00230-JRG |
| Plaintiff, | |
| v. | ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS OF PANTECH WIRELESS, INC. TO PLAINTIFF'S COMPLAINT |
| PANTECH WIRELESS, INC., | |
| Defendant. | JURY TRIAL DEMANDED |

**ANSWER AND AFFIRMATIVE DEFENSES OF
<u>DEFENDANT PANTECH WIRELESS, INC.</u>**

Defendant Pantech Wireless, Inc. ("Pantech"), by and through its undersigned counsel, respectfully submits its Answer and Affirmative Defenses in response to Plaintiff's Complaint ("Complaint") for patent infringement of U.S. Patent No. 5,822,221 (the "'221 patent" or the "Patent-In-Suit") as follows:

**THE PARTIES**

1. Pantech is without knowledge or information sufficient to admit or deny these allegations, and on that basis, denies the same.

2. Admitted.

**JURISDICTION AND VENUE**

3. Pantech admits that Plaintiff brings this action under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq*., but denies that a patent infringement cause of action has arisen as a result of Pantech's activities, and specifically denies that its acts have constituted infringement of the '221 Patent in this district or elsewhere.

4. Pantech admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 over actions arising under the patent laws of the United States, but denies that a patent infringement cause of action has arisen as a result of Pantech's activities, and specifically denies that its acts have constituted infringement in this district or elsewhere.

5. Pantech admits that it indirectly derives revenue from goods sold to individuals in this District and admits that it ships, distributes, offers for sale, and/or sells its products in the United States and this District through intermediaries, but Pantech denies that any of its business contacts and/or activities give rise to Plaintiff's patent infringement cause of action. Pantech further denies all allegations of "infringements alleged" by Plaintiff. Unless expressly admitted, Pantech denies the allegations set forth in this paragraph.

6. The allegation that venue is proper in this Court is a legal conclusion that does not require a response. To the extent that a response is required, and for the purpose of this action only, Pantech does not challenge venue as improper. However, Pantech denies that this forum is the most convenient forum, and reserves the right to seek transfer to a more convenient forum under 28 U.S.C. § 1404.

## THE PATENT-IN-SUIT

7. Pantech admits that the '221 Patent lists October 13, 1998 as its issue date, and that the '221 Patent is entitled "Office Machine Monitoring Device," but denies that the '221 Patent was duly and lawfully issued by the U.S. Patent and Trademark Office, and denies that the examination was full and fair. Pantech admits that a copy of the '221 Patent was attached as Exhibit A, but is without knowledge or information sufficient to admit or deny whether it is a true and correct copy, and on that basis, denies the allegation.

8. Pantech is without knowledge or information sufficient to admit or deny these allegations, and on that basis, denies the same.

## COUNT I

9. Pantech repeats and responds to each and every allegation of paragraphs 1-8 as though fully set forth herein.

10. Denied.

11. Plaintiff's allegation regarding 35 U.S.C. § 284 is a legal conclusion that does not require a response. To the extent a response is required, Pantech denies this allegation. Pantech denies the remaining allegations of this paragraph, including but not limited to Plaintiff's allegation that it has sustained damages, Plaintiff's allegation that Pantech has infringed the '221 Patent, and Plaintiff's allegation that Plaintiff is entitled to recover damages from Pantech.

## JURY DEMAND

Pantech requests a trial by jury on all issues so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## RESPONSE TO PRAYER FOR RELIEF

Pantech denies that Plaintiff is entitled to any of the relief sought in the Complaint, and respectfully requests that the Court deny Plaintiff's prayer for relief in its entirety.

## AFFIRMATIVE DEFENSES

In addition to the defenses described below, Pantech expressly reserves the right to allege additional defenses as they become known through the course of discovery.

### First Defense

**(Non-Infringement)**

12. Pantech and Pantech products have not infringed and are not currently infringing, directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the Patent-In-Suit, and Pantech is not inducing or contributing to the infringement of the Patent-In-Suit.

## Second Defense

### (Invalidity)

13. Each claim of the Patent-In-Suit is invalid for failing to satisfy one or more of the conditions of patentability set forth in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112.

## Third Defense

### (Statute of Limitations/Laches/Waiver/Estoppel)

14. Plaintiff's claims against Pantech are barred in whole or in part by the statute of limitations under 35 U.S.C. § 286, doctrine of laches, waiver, and equitable estoppel.

## Fourth Defense

### (Limitations On Damages)

15. Plaintiff's claims against Pantech for relief and prayer for damages and costs are limited by 35 U.S.C. §§ 287-88.

## Fifth Defense

### (Prosecution History Estoppel)

16. Plaintiff is estopped from construing any claim of the Patent-In-Suit to cover or include, either literally or by application of the doctrine of equivalents, any method, system, or apparatus manufactured, used, imported, sold, or offered for sale by Pantech, because of actions taken and arguments made before the United States Patent and Trademark Office during prosecution of the Patent-In-Suit and related applications.

## Sixth Defense

### (License/Exhaustion)

17. Pantech's products, or components thereof, are subject to an express or implied license to the Patent-In-Suit, or the Patent-In-Suit is exhausted as to Pantech's products.

## Seventh Defense

### (No Exceptional Case)

18. Plaintiff cannot prove that this is an exceptional case warranting an award of attorneys' fees against Pantech pursuant to 35 U.S.C. § 285.

## Eighth Defense

### (Failure to State a Claim)

19. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## Ninth Defense

### (Expired Patent)

20. The Patent-in-Suit is expired for failure to pay maintenance fees, and Plaintiff is barred from seeking damages or any other relief beyond the life of the Patent-In-Suit.

### Tenth Defense

### (Patent Misuse)

21. Plaintiff has filed this lawsuit and has alleged infringement of the '221 Patent by Pantech with no reasonable basis for doing so and without any notice provided to Pantech before the '221 Patent was expired. As such, Plaintiff has attempted to extend the scope of the '221 Patent beyond its legally permissible scope with anti-competitive effect.

### Eleventh Defense

### (Lack of Standing)

22. Plaintiff is not the assignee and owner of the '221 Patent, and as such lacks standing to bring this action.

### Reservation of Additional Defenses

No discovery has occurred in this case, and Pantech's investigation on its defenses is continuing. Hence, Pantech expressly reserves the right to allege and assert any additional defenses under Rule 8 of the Federal Rules of Civil Procedure, the patent laws of the United States, and any other defense at law or equity that may now exist or in the future be available based upon discovery and further investigation.

### COUNTERCLAIMS

Counterclaimant Pantech alleges as follows for its Counterclaims against Plaintiff:

1. Pantech incorporates herein paragraphs 1-22 of its Answer and Affirmative Defenses.

### The Parties

2. Pantech is a Georgia corporation having a principal place of business in Atlanta, Georgia.

3. In the Complaint, Plaintiff Penovia LLC pleads that it is a Texas limited liability company with its principal place of business located at 3400 Silverstone Drive, Suite 191B, Plano, Texas 75023. Plaintiff claims to hold all right, title, and interest in the '221 Patent.

## Jurisdiction

4. These counterclaims arise under Title 35 of the United States Code. The Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202. The Court has personal jurisdiction over Plaintiff at least by virtue of Plaintiff's filing of the Complaint.

## Venue

5. Venue for these counterclaims is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c), but Pantech contends that there may exist more appropriate venues for the claims in the Complaint and these Counterclaims. To the extent that venue is found to be proper for any of the claims in the Complaint, venue is also appropriate for these Counterclaims.

## First Counterclaim

### (Declaratory Judgment of Non-Infringement)

6. Pantech repeats and incorporates by reference paragraphs 1-22 of Pantech's Answer and Affirmative Defenses and paragraphs 1-5 of Pantech's Counterclaims as if fully set forth herein.

7. In the Complaint, Plaintiff alleges that Pantech has infringed and continues to infringe the Patent-In-Suit. Pantech denies all such allegations.

8. An actual controversy exists between Pantech and Plaintiff regarding whether Pantech has infringed and continues to infringe the Patent-In-Suit.

9. Pantech is entitled to judgment that Pantech has not and is not continuing to infringe the Patent-In-Suit.

### Second Counterclaim

### (Declaratory Judgment of Invalidity)

10. Pantech repeats and incorporates by reference paragraphs 1-22 of Pantech's Answer and Affirmative Defenses and paragraphs 1-9 of Pantech's Counterclaims as if fully set forth herein.

11. In the Complaint, Plaintiff alleges that Pantech has infringed and continues to infringe the Patent-In-Suit. Pantech alleges that each claim of the Patent-In-Suit is invalid for failing to satisfy one or more of the conditions of patentability set forth in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112. An actual controversy exists between Pantech and Plaintiff whether the claims of the asserted Patent-In-Suit are valid.

12. Pantech is entitled to judgment from this Court that each claim of the asserted Patent-In-Suit is invalid for failure to meet the requirements of the patent laws under 35 U.S.C. § 1 *et seq*.

### RELIEF

WHEREFORE, Pantech seeks an order granting the following relief:

    a. Dismissal of Plaintiff's Complaint against Pantech with prejudice;

    b. Denial of all relief sought by Plaintiff in the Complaint;

    c. A finding that Pantech has not infringed and is not infringing, directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the Patent-In-Suit;

d. A finding that the claims of the Patent-In-Suit are invalid;

e. Judgment on Pantech's counter-claims that the Patent-In-Suit, and each and every claim thereof, is not infringed by Pantech and is invalid;

f. Pursuant to 35 U.S.C. § 285, a declaration that this is an exceptional case and an award to Pantech of its attorneys' fees and expenses incurred in connection with this action;

g. An Order that Plaintiff pay costs; and

h. Such other and additional relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pantech demands trial by jury on all issues so triable.

Date: April 22, 2014.

                              */s/ Melissa R. Smith*

                              Melissa R. Smith
                              State Bar No. 24001351
                              GILLAM & SMITH LLP
                              303 South Washington Ave.
                              Marshall, TX 75670
                              Telephone: 903-934-8450
                              Facsimile: 903-934-9275
                              Email: melissa@gillamsmithlaw.com

                              Wayne M. Helge  (*pro hac vice*)
                              whelge@helgelaw.com
                              W. M. Helge Law, PLC
                              20565 Wild Meadow Ct
                              Ashburn, VA 20147
                              Telephone: (571) 271-9673
                              Facsimile: None

                              ***Attorneys For Defendant Pantech Wireless, Inc.***

## **CERTIFICATE OF SERVICE**

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served this 22nd day of April, 2014, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

                                                     */s/ Melissa R. Smith*
                                                     Melissa R. Smith